## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **VERTEX SERVICES, INC.** | § | **CIVIL ACTION NO.** |
| | § | **4:17-cv-01527** |
| **VS.** | § | |
| | § | |
| **TETRA TECHNOLOGIES, INC., and** | § | |
| **TETRA APPLIED TECHNOLOGIES,** | § | |
| **LLC** | § | **JURY TRIAL REQUESTED** |

## DEFENDANTS' REPLY IN SUPPORT OF ITS
## AMENDED MOTION TO DISMISS

Tetra Technologies, Inc. and Tetra Applied Technologies, LLC ("TETRA" or "Defendants") submit this reply further urging the Court to dismiss Plaintiff's suit as authorized by Rule 12(b)(6).

**A.     Vertex Presents No Impediment to the Court's Dismissal of this Lawsuit Based on the Affirmative Defense of *In Pari Delicto***

**1.     Dismissal based on *in pari delicto* is available at the motion to dismiss stage.**

Fifth Circuit precedent is clear that "a complaint that shows relief to be barred by an affirmative defense . . . may be dismissed for a failure to state a cause of action."[1]  Federal courts recognize "the application of affirmative defenses such as *in pari delicto* may be determined at the pleading stage on a motion to dismiss

---

[1]     *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (*citing United Transportation Union v. Florida East Coast Railway Company*, 586 F.2d 520, 527 (5th Cir. 1978)).

when the defense appears on the face of the complaint."[2]   TETRA based its 12(b)(6) motion entirely on the face of Vertex's Complaint.

Vertex, however, misrepresents to the Court that dismissal based on the affirmative defense of *in pari delicto* is not available at the Rule 12(b)(6) stage. Resp. at 11.  Vertex's very first "supporting" citation is to a Seventh Circuit case where the Court actually affirmed the district court's 12(b)(6) dismissal based on the affirmative defense of *in pari delicto*.[3]  Although Vertex cites to the Seventh Circuit's footnote stating that affirmative defenses are "often not an appropriate basis for dismissal," Vertex stops short of quoting the actual finding:  "We find it appropriate here, however, given **the facts thoroughly alleged in the complaint**."[4]

Vertex's remaining authority, primarily consisting of bankruptcy opinions, likewise mischaracterizes the courts' comments.[5]  These bankruptcy cases are not analogous to RICO cases, as the bankruptcy cases typically address state, rather than federal causes of action.[6]  In addition, they reiterate that 12(b)(6) motions relying on facts not found in the lawsuit are improper for dismissal.  Here, TETRA

---

[2]  *Brickley for CryptoMetrics, Inc. Creditors' Trust v. Scan Tech Identification Beams System, LLC.*, 566 B.R. 815 (Bankr. W.D. Tex. March 2, 2017) (*citing* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1277 (3d ed. 2016)).

[3]  *Knauer v. Jonathon Roberts Financial Group, Inc.*, 348 F.3d 230, 238 (7th Cir. 2003).

[4]  *Id*. at 237 n. 6 (emphasis added).

[5]  Pl.'s Resp. (Dkt. 23) at pp. 11-13.

[6]  In the bankruptcy cases, the trustee stands in the shoes of the debtor and asserts state court causes of action like negligence, breach of contract, and breach of fiduciary duty.

2

relies exclusively on Vertex's own factual allegations in the Complaint in establishing the affirmative defense of *in pari delicto*.

> **2.     Enforcement of the *in pari delicto* defense here comports with RICO's public policy goal of deterring criminal behavior.**

Vertex, once again, ignores established Fifth Circuit law addressing whether enforcement of the *in pari delicto* defense interferes with public policy concerns. Successful assertion of the *in pari delicto* defense against federal causes of action hinges on (1) the plaintiff's active participation in the alleged violation and (2) the policy goals of the underlying statute.[7]

Vertex, however, asserts that public policy prohibits dismissing this lawsuit on *in pari delicto* grounds.  Resp. at 13-14.  In support, Vertex quotes *Bateman Eichler* as denying the defense of *in pari delicto* in the securities law context due to public policy concerns.[8]  Without citing any authority, Vertex states "[t]his same concept is applicable here."[9]  Nothing could be further from the truth.

The Fifth Circuit has already held that *in pari delicto* does not "interfere with civil RICO's policy goals."[10]  Indeed, Congress did not intend civil RICO claims to be a transfer of wealth between wrongdoers and to do so "would, perversely, reward conspirators with treble damages—and that hardly seems to

---

[7]     *See Rogers v. McDorman*, 521 F.3d 381, 389 (5th Cir. 2008).

[8]     Pl.'s Resp. (Dkt. 23) at p. 13-14 (citing *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 315 (1985)).

[9]     Pl.'s Resp. (Dkt. 23) at p. 14.

further RICO's deterrence goals."[11]   As a result, public policy does not prohibit the dismissal of this lawsuit on *in pari delicto* grounds.

### 3.   Vertex bears at least substantially equal responsibility in committing the alleged underlying predicate acts.

Vertex's only rebuttal to having substantially equal responsibility for the alleged RICO activity is that it did not knowingly participate "in obtaining improper exemptions."[12]   Obtaining improper exemptions, however, is not the predicate act upon which Vertex makes its RICO claim.   (Indeed, obtaining improper vessel manning exemptions is not a codified predicate act which would support a civil RICO claim.)   Instead, the predicate acts alleged by Vertex are the INA violations.   In its motion to dismiss, TETRA expressly set out each and every allegation made by Vertex in the lawsuit which shows Vertex's own substantially equal responsibility for the alleged violations of knowingly harboring and employing illegal aliens, knowingly transporting illegal aliens, knowingly inducing illegal aliens to illegally enter the U.S., conspiracy to commit the foregoing, and assisting inadmissible aliens in entering the U.S.[13]   Because Vertex presents absolutely no rebuttal to its own admitted involvement in each of the predicate acts, the Court must dismiss the lawsuit.

---

[10]   *Rogers v. McDorman*, 521 F.3d 381, 389 (5th Cir. 2008).
[11]   *Rogers v. McDorman*, 521 F.3d 381, 391 (5th Cir. 2008).
[12]   Pl.'s Resp. (Dkt. 23) at p. 13.
[13]   TETRA's Amd. Mtn. to Dismiss (Dkt. 17) at p. 4.

**B.      Vertex Presents No Impediment to the Court's Dismissal of RICO Claims Predicated Upon Certain INA Violations Allegedly Occurring Aboard Vessels**

Vertex attempts to distinguish the Fifth Circuit's *Brown v. Offshore Specialty Fabricators* opinion by claiming that it does not address conduct violative of the INA which on occurs on land—that is, not aboard vessels floating on the OCS. Although the *Brown* court never referred to the specific INA sections alleged, the underlying district court specified the INA violations at issue:  8 U.S.C. § 1324(a)(1)(A)(iii) related to harboring or concealing illegal aliens and 8 U.S.C. § 1324(a)(1)(A) related to employment of illegal aliens.[14]  With these two alleged INA violations before it—both of which Vertex alleges against TETRA in this lawsuit—the Fifth Circuit held that the INA does not apply to conduct occurring aboard vessels floating on the waters of the OCS.[15]  As a result, Vertex's RICO claims that rely on alleged violations of INA sections 1324(a)(1)(A)(iii) and 1324(a)(1)(A)—i.e., that TETRA harbored and employed illegal aliens aboard its vessels—must fail as a matter of law.

Vertex points, however, to other alleged violations of the INA which would not have taken place aboard TETRA's vessels.  In its response, Vertex explains that

---

[14]     *Cunningham v. Offshore Specialty Fabrications, Inc.*, 543 F.Supp.2d 614, 621 (E.D. Tex. 2008).

[15]     *Brown v. Offshore Specialty Fabricators, Inc.,* 663 F.3d 759, 765 (5th Cir. 2011).

the real issue is "how the workers came to be in the US in the first place";[16] this is presumably a reference to violation of 8 U.S.C. § 1324(a)(1)(A)(iv) which prohibits the inducement of an illegal alien to enter the United States.  Vertex also responds that TETRA may have transported the foreign workers in violation of the INA;[17] this is presumably a reference to violation of 8 U.S.C. § 1324(a)(1)(A)(ii) which prohibits the transportation of an illegal alien within the United States.

Vertex's lawsuit, however, makes no factual allegations that TETRA acted in such a way to violate these sections of the INA.  Other than mere employment, which is not enough to constitute inducement,[18] Vertex makes no factual allegations that TETRA induced the foreign workers to enter the United States.  In fact, Vertex's admission that it provided the foreign labor with B-1 OCS visas[19] is the only evidence of how the foreign workers were induced to enter the United States.

And as to transportation, Vertex also makes no allegation that TETRA transported the foreign workers within the United States.  Vertex admitted that it obtained the foreign workers from Blue Marine/Sea Cross Marine and provided them to TETRA.[20]  It further stated that Vertex was the company that brought the

---

[16]    Pl.'s Resp. (Dkt. 23) at p. 17.
[17]    Pl.'s Resp. (Dkt. 23) at p. 17.
[18]    TETRA's Amd. Mtn. to Dismiss (Dkt. 17) at p. 11.
[19]    Pl.'s Orig. Complaint at § 3.4.
[20]    Pl.'s Orig. Complaint at § 4.13.

foreign workers to the United States.[21]  It stopped short of making any allegation regarding who transported the workers from the airport to the vessel.[22]  Without a factual allegation of conduct occurring off of TETRA's vessels, the INA does not apply to TETRA; and without an INA violation, Vertex has no viable RICO claim against TETRA.

Because Vertex has not stated a claim upon which relief can be granted, the Court should dismiss the lawsuit.

Respectfully submitted,

*/s/ Jeanie Goodwin*
**Glenn R. Legge**
TBA 12171330
Fed. ID 5420
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone No.:    (713) 917-0888
Facsimile No.:    (713) 953-9470
**ATTORNEY FOR DEFENDANTS TETRA TECHNOLOGIES, INC. AND TETRA APPLIED TECHNOLOGIES, LLC**

---

[21]  Pl.'s Orig. Complaint at § 4.13.
[22]  Pl.'s Orig. Complaint at § 4.13 ("When a worker from Blue Marine/Sea Cross Marine PTE was brought to the United States by Vertex, that worker was then used by TETRA and placed on one of TETRA's offshore barges.").

OF COUNSEL:
**HOLMAN FENWICK WILLAN USA LLP**
Jeanie Tate Goodwin
TBA: 24046949  Fed ID: 592456
Jeanie.Goodwin@hfw.com
Sheshe Taylor Evans
TBA: 24047800  Fed ID: 37745
Sheshe.Evans@hfw.com
Andrew Miller
TBA: 24106309
Andrew.Miller@hfw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy was served via ECF on this 12th day of March 2018 to:

Francis I. Spagnoletti
401 Louisiana, 8th Floor
Houston, Texas 77002
Telephone: (713) 653-5600
Facsimile:  (713) 653-5656
Email: fspagnoletti@spaglaw.com

*/s/ Jeanie Goodwin*
Jeanie Goodwin